UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| WELCH et al,            ) | | |
|          Plaintiffs,    ) | | |
|                         ) | | |
|      vs.                ) | 1:06-cv-0641-RLY-JMS | |
|                         ) | | |
| ELI LILLY & COMPANY,    ) | | |
|          Defendant.     ) | | |

## ENTRY ON PLAINTIFFS' FIRST MOTION TO COMPEL DISCOVERY

This matter comes before the magistrate judge on Plaintiffs' First Motion to Compel Discovery (Dkt. # 86).  In addition, Defendant filed a Motion for Leave to File Sur-Reply (Dkt. # 109).  Both parties have submitted extensive briefs and exhibits on the issues outlined in the motion to compel, and the Court finds further briefing or argument to be unnecessary to its decision.  Therefore, the Motion for Leave to File Sur-Reply is **DENIED.**  The Motion to Compel is fully briefed, and being duly advised, the magistrate judge **DENIES** Plaintiffs' motion for the reasons set forth below.

**Background**

This matter is a proposed class action alleging an ongoing pattern or practice of racial discrimination throughout Defendant Eli Lilly & Company's ("Lilly") workforce, including in classification, pay, promotions, grooming, assignments, ratings, discipline and retaliation. The complaint also alleges the pattern of discriminatory practices includes practices that cause a disparate impact as well as multiple incidents of individual disparate treatment.

Initially, Plaintiffs consisted of four individuals.  However, on October 31, 2007, Plaintiffs amended their complaint to add fifty additional individuals as well as the National

Association for the Advancement of Colored People ("NAACP") as plaintiffs. Additionally, Plaintiffs identified 170 putative class members on their preliminary witness list. Lilly subsequently moved to dismiss 31 of the 54 named Plaintiffs as well as the disparate impact allegations. That motion is fully briefed and awaiting decision by the District Judge.

With this motion, Plaintiffs seek a ruling from the Court compelling Lilly to produce "company wide discovery going back to 1997." (Motion, pg. 1). They assert that the relevant scope of discovery "includes everything relevant to class certification, everything relevant to the pattern or practice claim, everything relevant to individual claims of identified class members and comparable employees and everything relevant to the disparate impact claims. In short, all of Defendant's personnel records are relevant." (Plaintiffs' Brief, pg. 5)

As might be expected, Lilly wholeheartedly disagrees that the scope of discovery should be so broad as to require them to produce personnel records spanning a ten-year period for tens of thousands of employees. In an effort to avoid this discovery dispute, Lilly agreed to produce complete personnel information regarding those 23 Plaintiffs not subject to the pending motion to dismiss and also substantial personnel information considering possible comparators (broadly defined). Included in this production was data regarding all white and African-American employees who, at any of six specific points in time, were in the same pay scale group and who reported directly or indirectly to each Plaintiffs' first, second or third level supervisors. This production related to nearly 5,000 employees. Plaintiffs do not consider that production adequate, and filed the instant motion.

**Motion to Compel**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party may file a motion to compel discovery when another party fails to respond to a discovery request or responds

evasively or inadequately. The Court has broad discretion in resolving discovery disputes. *Meyer v. Southern Pacific Lines,* 199 F.R.D. 610, 611 (N.D.Ill. 2001); see also *Gile v. United Airlines, Inc.,* 95 F.3d 492, 495-496 (7th Cir. 1996)("The district court exercises significant discretion in ruling on a motion to compel."). Under Rule 26(b)(1), "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . " *Fed. R. Civ. P. 26(b)(1).*

Managing discovery in class actions is not an easy task. "District courts are required to balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties." *Tracy v. Dean Witter Reynolds, Inc.,* 185 F.R.D. 303, 305 (D. Colo. 1998), citing *Shushan v. University of Colorado,* 132 F.R.D. 263, 268 (D. Colo. 1990). While some pre-certification discovery is often necessary, limitations may be imposed by the Court and are within its sound discretion. *Id.*; see also *Barnhart v. Safeway Stores, Inc.,* 1992 U.S. Dist. LEXIS 22572 at *4-5 (E.D. Ca. 1992), 60 Fair. Empl. Prac. Cas. 751.

Pre-certification discovery that is permitted "should be sufficiently broad that the plaintiffs have a fair and realistic opportunity to obtain evidence which will meet the requirements of Rule 23, yet not so broad that the discovery efforts present an undue burden to the defendant." *Tracy,* 185 F.R.D. at 305, citing *National Organization for Women v. Sperry Rand Corp.,* 88 F.R.D. 272, 277 (D. Conn. 1980). The Court finds this standard, and *Tracy*, to be particularly helpful in deciding the instant motion.

To that end, the Plaintiffs "bear the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied, or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985); *Tracy,* 185 F.R.D. at 305. Based on the record submitted to date, the Plaintiffs have not

met that burden.

It is important to keep in mind that this is not the time and the magistrate judge is not the decision maker as to whether a class will be certified or whether Plaintiffs will ultimately prevail. The issue presented here is whether Plaintiffs have presented enough evidence to persuade the Court that the scope of discovery should extend, at this point, to the nationwide personnel records of Lilly.

Plaintiffs allege Lilly engages in a company-wide pattern or practice of discrimination on the basis of race. However, at this stage, Plaintiffs simply have presented no persuasive evidence to support their allegation of nationwide pattern or practice. In fact, allegations are all they have presented to date. "Plaintiffs have identified over 170 class members who have worked in all areas of the company and have provided substantial *allegations* and *some declarations* showing that Lilly employees have been tapped on the shoulder for promotions and transfers across organizational units over the 9 years relevant to this action." (Reply, pg. 3)(emphasis added). The referenced declarations of seven individuals contain nothing more than a repeated conclusory statement (likely inadmissible in evidence) that each individual experienced discrimination based on race while employed by Lilly, and details each individual's movements to different jobs and divisions within the company.

Lilly has provided Plaintiffs with a substantial number of personnel documents pertaining to the 23 Plaintiffs not subject to the pending motion to dismiss and comparators, as discussed above. Further, if the motion to dismiss is resolved in Plaintiffs' favor, the Court presumes Lilly will provide similar discovery pertaining to the additional Plaintiffs. This discovery should enable Plaintiffs to examine possible patterns among employees similarly situated to individual class members. However, at the present time, Plaintiffs have not satisfied this Court that the scope of

discovery should be expanded to include the 21,000 person national workforce of Lilly. The Court reminds Plaintiffs that their Amended Complaint proposes a class of "similarly situated" employees who have suffered because of a pattern and practice of discrimination. At this juncture, Lilly's production appears adequate to permit Plaintiffs a realistic opportunity to produce evidence to support their class claim.

      The Court also notes that Lilly's papers repeatedly scold Plaintiffs for not producing any evidence from the information already provided by Lilly to support their claim of a dsicriminatory pattern or practice. The Court is unaware whether Plaintiffs have had the opportunity to cull that data to locate supporting evidence. It would seem to be a reasonable next step.

      Plaintiffs additionally seek a determination from the Court on the temporal scope of discovery. They contend they are entitled to relevant data for all employees back to April 1997 in order to examine continuing violations. The parties agree the limitations period for these claims is four years before the filing of the complaint on April 20, 2006. Lilly claims that it "has not limited its production to information created in or pertaining to a particular period (with the single exception of salary data, which it has produced for the period dating from 2002.)" (Response, pg. 33). Therefore, it would appear the only remaining dispute as to the temporal scope of discovery involves salary data. However, the Court finds that issue would be more appropriately addressed, if necessary, in a later motion, as "the parties have not completed discussions relating to the scope of production as to the 23 people." (Plaintiffs' Brief, pg. 4, fn. 1).

## **Conclusion**

      Therefore, at this stage of the game, the Court will not expand the scope of discovery to encompass all of Defendant's nationwide personnel files dating back to 1997. While Plaintiffs

may have other issues with the personnel documents Lilly did agree to produce, those issues are beyond Plaintiffs' stated purpose for this motion.  Further, some of those issues involve electronic discovery, and the parties have agreed to meet and confer further upon the resolution of this motion. (See Dkt. # 106).

As noted in this entry, the parties appear to have several issues about which they must meet and confer.  The magistrate judge would remind the parties that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention.  Now that this significant issue has been resolved (at least for the time being on the basis of the record provided) she expects cooperation, communication, and meaningful "meet and confers" prior to any further disputes being brought before this Court.

For the reasons set forth above, Plaintiffs' Motion to Compel Discovery (Dkt. # 86) is **DENIED**.

**SO ORDERED.**

04/16/2008

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:[1]

Kyle Frederick Biesecker                              BIESECKER & DUTKANYCH LLC

---

[1] Please note that the court will not mail copies of this entry to those attorneys of record who have not provided their email address to the court.  As of September 1, 2004, the failure to register for the court's electronic filing system constitutes a violation of Local Rule 5.7(b).  It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered co-counsel also should urge all counsel to comply with the local rule and register to use the court's electronic filing system so that they may receive notice of future entries from the court by email.  Information on how to register may be found on the court's website at http://www.insd.uscourts.gov/ecf_info.htm.

kfb@bdlegal.com

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Adrienne Franco Busby
BAKER & DANIELS
afbusby@bakerd.com

Andrew Dutkanych III
BIESECKER & DUTKANYCH LLC
ad@bdlegal.com

Henry P. Gassner
ROSE & ROSE PC
hgassner@roselawyers.com

Jason P. Hopper
SEVER STOREY LLP
jason@severstorey.com

Terri N. Marcus
ROSE & ROSE, P.C.
1320 19TH ST., N.W.
SUITE 601
WASHINGTON, DC 20036

David L. Rose
ROSE & ROSE PC
daver@roselawyers.com

Joshua N. Rose
ROSE & ROSE PC
josh@roselawyers.com

Yuval Rubinstein
ROSE & ROSE P.C.
yrubinstein@roselawyers.com

Robert K. Stanley
BAKER & DANIELS
rkstanle@bakerd.com

George A. Stohner
MORGAN LEWIS & BOCKIUS

gstohner@morganlewis.com

Tonny D. Storey
SEVER-STOREY LLP
tonny@severstorey.com