UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CASSANDRA WELCH, JARMAINE ) <br> BROMELL, SHERYL A. DAVIS, ) <br> RAYNARD TYSON, LEIGH ABEL, ) <br> KENNETH BIGBEE, BARBARA BOONE, ) <br> GAYLE CALDWELL, ARTHUR ) <br> CANTRELL, BETTY CANTRELL, ) <br> ALLISON CARTER, BRYANT CARTER, ) <br> JACKIE RAY COLBERT, BRIDGETTE ) <br> DABNEY, BRENDA EDWARDS, KELLY ) <br> FRENCH, CALVIN GARRETT, STEVEN ) <br> GENTRY, LILLIAN GREEN, DEBRA ) <br> HART, BUFORD HARVEY, CYNTHIA ) <br> HUNTER, MARIA JONES, WALTER ) <br> JONES, CYNTHIA KEOUGH, DARLEEN ) <br> KING, TILLIE LEGGETT, JOY MASON, ) <br> JANELLE McSWEENY-HICKS, AJ ) <br> MILLER, RENE NORMAN, ROBERT ) <br> O'NEAL, CAROLYN OWSLEY, JEROME ) <br> PERKINS, DARRIEUX PETERSON, ) <br> SANDRA PIERCE, MARGIE RELIFORD, ) <br> LINDA RODGERS, LAWANDA ) <br> RUTLEDGE, DELORES RYAN, ) <br> DEBORAH SIMS, JANET STEVENS, ) <br> CALVIN STEWART, WILLIAM ) <br> DeANGELO TABOR, DOROTHEA ) <br> TALLEY, CURTIS TANDY, OSCAR ) <br> TAYLOR, JANEEN THOMAS, DEALTRA ) <br> TILLMAN, DERRICK VAUGHN, CLARA ) <br> WALKER, MICHAEL ) <br> WESTMORELAND, DONNA WILLIAMS, ) <br> STEPHANIE YOUNG, individually and on ) <br> behalf of a similarly situated class, and ) <br> INDIANAPOLIS BRANCH, NATIONAL ) <br> ASSOCIATION FOR THE ) <br> ADVANCEMENT OF COLORED ) <br> PEOPLE, and ) | 1:06-cv-0641-RLY-JMS |

1

| | |
|---|---|
| the NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ELI LILLY AND COMPANY, Defendant. | ) ) ) |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS IN AMENDED CLASS ACTION COMPLAINT**

Before the court is the motion to dismiss certain claims filed by the defendant, Eli Lilly and Company ("Lilly" or "Defendant"). For the reasons set forth below, the motion is **GRANTED** in part, and **DENIED** in part.

**I.   Background**

    **A.   The Complaint**

On April 26, 2006, the four original plaintiffs in this action, Cassandra Welch, Jarmaine Bromell, Sheryl A. Davis, and Raynard Tyson (collectively, the "Original Plaintiffs"), filed this putative class action lawsuit against Lilly alleging "violations of the prohibitions against race discrimination in employment of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and of 42 U.S.C. § 1981, as amended ("Section 1981")." (Complaint ¶ 1). The Complaint alleged, in substance, that the Plaintiffs and "similarly situated employees of Lilly . . . have suffered harm as a result of defendant's pattern and practice of race discrimination in the terms and conditions of employment . . . ." (*Id.* ¶ 23). The Complaint sought certification of a

putative class of "African-American employees of Defendant who have been employed by the Defendant for at least six months at some time after August 1, 2002." (*Id.* ¶ 25).

### B. The Amended Complaint

The Amended Complaint, filed October 31, 2007, names 50 additional individual plaintiffs, for a total of 54 plaintiffs. Count I of the Amended Complaint, asserted under 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleges that the Defendant "has followed and continues to follow a pattern and practice of race discrimination against African-Americans in the terms and conditions of their employment." (Amended Complaint ¶ 110). Count I also alleges, *inter alia*, that the Defendant "disproportionately promotes white employees," (*id.* ¶ 113), "engages in retaliation," (*id.* ¶ 115), "allows a hostile work environment" (*id.* ¶ 116), and "engages in practices that have a disparate impact" (*id.* ¶ 118). Count II, asserted under 42 U.S.C. § 1981 ("Section 1981"), contains many of the same race discrimination claims as those brought under Count I, with the proviso that Count II does not assert a disparate impact claim. (*See id.* ¶¶ 122-132). The Amended Complaint does not precisely define the scope of the putative class, but appears to seek certification of a class of "African-American employees of Lilly [who] have suffered the kind of discrimination described [t]herein during the time from April 20, 2002 to the present." (*Id.* ¶ 41).

With respect to the four Original Plaintiffs and 19 of the newly added Plaintiffs, the Amended Complaint contains substantial allegations regarding the factual bases of their claims. (Amended Complaint ¶¶ 51-105). The Amended Complaint, however,

contains virtually no factual allegations regarding the bases of the claims of 31[1] of the newly added Plaintiffs. The factual bases of their claims is found in paragraphs 30-32 of the Amended Complaint under the heading "Class Allegations."

The Amended Complaint also names two organizations, the National Association for the Advancement of Colored People ("NAACP"), and the Indianapolis Branch, National Association for the Advancement of Colored People ("Indianapolis Branch, NAACP") (collectively the "NAACP Plaintiffs"). The NAACP Plaintiffs represent the interests of their members, who include "many" of the Plaintiffs in this action. (*Id*. ¶¶ 8-9). The NAACP Plaintiffs allege that they "have standing as membership organizations, including some of the Plaintiffs among their members" and "bring this suit to secure the full enjoyment of the rights of their members and other persons they represent." (Amended Complaint ¶ 11). The NAACP Plaintiffs "seek relief on behalf of their members and others whose interests they represent who have been harmed by the discriminatory practices of the Defendant." (Amended Complaint ¶ 120).

The Amended Complaint seeks the following relief: (a) declaratory relief "that Defendant has engaged in a pattern or practice of discrimination against African-Americans because of their race in all or some specific parts of its administrative

---

[1] The 31 new Plaintiffs are: Leigh Abel, Kenneth Bigbee, Barbara Boone, Arthur Cantrell, Betty Cantrell, Allison Carter, Bryant Carter, Bridgette Dabney, Brenda Edwards, Calvin Garrett, Steven Gentry, Lillian Green, Debra Hart, Cynthia Hunter, Joy Mason, Janelle McSweeney-Hicks, AJ Miller, Carolyn Owsley, Jerome Perkins, Linda Rodgers, Delores Ryan, Janet Stevens, Calvin Stewart, Dorothea Talley, Oscar Taylor, Dealtra Tillman, Derrick Vaughn, Clara Walker, Michael Westmoreland, Donna Williams, and Stephanie Young.

structure"; (b) injunctive relief and remedial orders; (c) money awards of back pay and other loss of income and benefits; and (d) a money award of "compensatory and punitive damages, including compensation for emotional distress and costs of treatment for stress-induced medical conditions . . ." (*Id.* ¶ 132).

## II.     Dismissal Standard

Defendant moves to dismiss the 31 newly added Plaintiffs' claims and the Plaintiffs' disparate impact claims under Rule 12(b)(6) for failure to state a claim. Defendant moves to dismiss the NAACP Plaintiffs under Rules 12(b)(1) and Rule 12(b)(6) for lack of standing.

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a claim for "failure to state a claim upon which relief may be granted." *See* FED.R.CIV.P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990)).  In ruling on a motion to dismiss, the court construes the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint are accepted as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).  A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint states a claim for relief

if it states grounds that entitle the pleader to relief.  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (quoting *Twombly*, 127 S.Ct. at 1964)); *Swierkiewicz v. Sorema N.A.*, 122 S.Ct. 992, 998 (2002); *Tamayo v. Blagojevich*, – F.3d – , 2008 WL 2168638, at *6 (7th Cir. 2008).

> While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)[.]"

*Twombly*, 127 S.Ct. at 1964-65 (internal citations omitted).  *See also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) ("Taking *Erickson* and *Twombly*, together, we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").

Rule 12(b)(1) permits the dismissal of a claim for lack of subject matter jurisdiction.  In ruling on a motion to dismiss for lack of standing, the court accepts as true all well-pleaded allegations and draws all reasonable inferences in the light most favorable to the plaintiff.  *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996).  The plaintiff bears the burden of showing that he/she meets the required elements of standing.  *Id*.  "Where standing is challenged as a factual matter, the plaintiff bears the burden of supporting the allegations necessary for standing with

'competent proof.'" *Id*. (citing *McNutt v. General Motors Acceptance Corp.*, 56 S.Ct. 780, 785 (1936)).  The Seventh Circuit has interpreted "competent proof" "as requiring a showing by a preponderance of the evidence, or proof to a reasonable probability, that standing exists." *Id*.

## III. Discussion

The court now turns to the specific arguments raised by Defendant.  The court will begin its discussion with Defendant's argument that the claims of the 31 newly added Plaintiffs should be dismissed for failure to state a claim under Rule 12(b)(6).

### A. The 31 Plaintiffs

Defendant seeks to dismiss the allegations in the Amended Complaint regarding the 31 newly added Plaintiffs because the allegations fail to comply with the minimum pleading standards set forth in *Twombly*.

As noted in the Background section of this opinion, the Amended Complaint contains no factual allegations regarding the bases of the claims of 31 of the newly added Plaintiffs.  Besides being listed in the caption and in paragraph 5 of the Amended Complaint, the only information about these 31 newly added Plaintiffs is in a series of tables in paragraphs 48, 49, and 50, which categorize the individual Plaintiffs by the type of alleged discrimination – (i.e., unequal pay practices (Amended Complaint ¶ 48), unequal promotion practices (Amended Complaint ¶ 49), and retaliation and hostile work environment (Amended Complaint ¶ 50)) – and by job classification (i.e., exempt/non-sales, sales, and non-exempt).  Paragraphs 48-50 of the Amended Complaint, in turn,

7

direct the reader to the Class Allegations contained in paragraphs 30-32.  For example, paragraph 48 reads:

## REPRESENTATIVE CLAIMS

48.  Plaintiffs adversely affected by the unequal pay practices described in paragraph 30 above include plaintiffs:

| Exempt, non-sales | Sales | Non-Exempt |
|---|---|---|
| Leigh ABEL | Jarmaine BROMELL | Arthur CANTRELL |
| Kenneth BIGBEE | Bridgette DABNEY | Brenda EDWARDS |
| Bryant CARTER | Darleen KING | Calvin GARRETT |
| Kelly FRENCH | Janelle McSWEENEY-HICKS | Steven GENTRY |
| Maria JONES | Lawanda RUTLEDGE | Lillian GREEN |
| Tilley LEGGETT | Raynard TYSON | Debra HART |
|  |  | Robert O'NEAL |

(Amended Complaint ¶ 48).  Paragraph 30 reads:

## CLASS ALLEGATIONS

30.  Defendant does not provide equal pay for equal work to black and white employees.  Defendant uses subjective practices in the setting of pay levels for comparable work.  It sets pay subjectively through initial pay setting upon obtaining a new position and the classification of the position; through the award of pay increases known as "merit pay;" in granting in-position promotions and in ratings for employees – both performance ratings and career development plans and ratings.  As a result, African-American employees are generally paid less than white employees for comparable work.

(Amended Complaint ¶ 30).  In identical fashion, paragraph 49 (dealing with unequal promotion practices) lists 40 plaintiffs under the same heading, and refers the reader to paragraph 31; paragraph 50 (dealing with retaliation and hostile work environment) lists 14 plaintiffs and refers the reader to paragraph 32.

The factual allegations regarding these 31 Plaintiffs – which merely label the Plaintiffs as "Exempt, non-sales," "Sales," and "Non-Exempt" employees and allege, in a conclusory fashion, that they suffered from unspecified "unequal pay practices," "unequal promotion practices," and "retaliation and hostile work environment," (Amended Complaint ¶¶ 48-50) – do not provide the requisite "fair notice" of the nature of the 31 Plaintiffs' claims nor provide any "grounds" upon which the claims rest. These allegations fail to include even the most rudimentary facts necessary for the court to determine whether they have stated a legally cognizable claim, such as the position he/she held, whether he/she still holds the position, whether he/she suffered an adverse employment action, and the like.

Moreover, "[t]he plaintiffs are not excused of their burden of pleading sufficient facts merely because they have styled their complaint as a class action." *Richard v. Bell Atl. Corp.*, 946 F.Supp. 54, 78 (D.D.C. 1996). Even in a putative class action, "the allegations of each individual plaintiff must be sufficient in themselves to state a claim." *Id.*; *see also Brown v. Ridge*, 2006 WL 1581167, at *13 (W.D. La. Jan. 19, 2006) (In civil rights putative class action, " . . . in order for their . . . claim to remain viable, each of the remaining plaintiffs must describe his underlying cause of action in the complaint with sufficient particularity to give fair notice to the defendant . . ."). Thus, "even in the context of a class action, the named plaintiffs who purport to represent the class must allege and show that they *personally* have been injured." *Brown*, 2006 WL 1581167, at * 12 (emphasis in original).

Here, the 31 newly added Plaintiffs rely solely on the class allegations of paragraphs 30-32 to support their individual claims for relief. At this stage of the litigation, the court cannot presume that class status will be accorded this action. Unless and until a class is certified, "[e]ach plaintiff's right to relief therefore depends upon proof of the operative facts giving rise to an enforceable right in favor of that plaintiff." *See, e.g., Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (finding that dismissal of complaint, where the 51 plaintiffs relied on group allegations of discrimination to support their individual claims for relief, was within the court's discretion). Thus, in order for the 31 newly added Plaintiffs to remain in this action as representative Plaintiffs asserting individual claims, each must describe his or her individual claim in sufficient detail to give the defendant fair notice of the claim and to suggest plausibly that the plaintiff has a right to relief above the speculative level. *Twombly*, 127 S.Ct. at 1964-65. Plaintiffs have not done so. Accordingly, Defendant's Motion to Dismiss the 31 newly added Plaintiffs for failure to state a claim is **GRANTED**.

### B. The NAACP Plaintiffs

Defendant next seeks to dismiss the claims of the NAACP Plaintiffs under Rules 12(b)(1) and 12(b)(6) on grounds that the NAACP Plaintiffs lack standing to pursue their members' claims. This type of standing is known as "associational standing." "Associational standing carves only a narrow exception from the ordinary rule that a litigant 'must assert his own legal rights and interests, and cannot rest his claim to relief

on the legal rights or interests of third parties.'" *Bano v. Union Carbide Corp.*, 361 F.3d 696, 715 (2d Cir. 2004) (quoting *Valley Forge Christian College v. Americans United For Separation of Church & State, Inc.*, 102 S.Ct. 752 (1982)). To come within this narrow exception, a plaintiff asserting associational standing must establish a three-pronged test. In *Hunt v. Washington Apple Advertising Comm'n*, 97 S.Ct. 2434 (1977), the Supreme Court enunciated the test for associational standing as follows:

> [A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Id*. at 2441. In this case, only the third prong of the *Hunt* test is in dispute.

As a general matter, the third prong of the *Hunt* test precludes associational standing for claims for damages or other monetary relief. *See, e.g., Sanner v. Bd. of Trade of City of Chicago*, 62 F.3d 918, 923 (7th Cir. 1995) ("We are not aware of any cases allowing associations to proceed on behalf of their members when claims for monetary, as opposed to prospective, relief are involved"); *see also Bano*, 361 F.3d at 714 ("We know of no Supreme Court or federal court of appeals ruling that an association has standing to pursue damages claims on behalf of its members"). Apparently recognizing the limitation, Plaintiffs declare in their Response Brief that "the role of the NAACP will be limited to declaratory and injunctive relief." (Plaintiff's Response at 9).

That leaves for the court's consideration the NAACP Plaintiffs' claim to associational standing for injunctive or declaratory relief. The Supreme Court, in *Warth*

*v. Seldin*, 95 S.Ct. 2197 (1975), stated that: "If in a proper case the association seeks a declaration, injunction or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." *Id.* at 2213. "This does not mean, however, that an association automatically satisfies the third prong of the *Hunt* test simply by requesting equitable relief rather than damages." *Bano*, 361 F.3d at 714. As explained by the Second Circuit in *Bano*:

> The organization lacks standing to assert claims of injunctive relief on behalf of its members where 'the fact and extent' of the injury that gives rise to the claims for injunctive relief 'would require individualized proof,' *Warth v. Seldin*, 422 U.S. at 515-16, 95 S.Ct. 2197, or where 'the relief requested [would] require[] the participation of individual members in the lawsuit. *Hunt*, 432 U.S. at 343, 97 S.Ct. 2434.

*Id.*

Defendant argues that the member Plaintiffs' allegations of race discrimination "necessarily require individualized proof and, hence, the participation of all allegedly affected individual members." (Defendant's Brief in Support at 17). Thus, argues the Defendant, the NAACP Plaintiffs fail to satisfy the third prong of the *Hunt* test and therefore, lack standing to pursue their claims on behalf of the member Plaintiffs for declaratory and injunctive relief. Defendant's argument, however, ignores the fact that the NAACP Plaintiffs' claims for declaratory and injunctive relief are premised on the Defendant's alleged pattern or practice of race discrimination "in all or some specific parts of its administrative structure." (Amended Complaint ¶ 132). The Prayer for Relief in the Amended Complaint reads:

12

>WHEREFORE, Plaintiffs pray this Court to:
>
>2)  Find and declare that Defendant has engaged in a pattern or practice of discrimination against African-Americans because of their race in all or some specific parts of its administrative structure;
>
>3)  Enjoin the Defendant from engaging in the same or like practices in the future and enter remedial orders designed to bring [D]efendant into compliance with the law . . . ."

(Amended Complaint ¶ 132).

A pattern or practice claim does not require individualized proof, at least at the initial "liability" stage of the trial. The Supreme Court in *International Brotherhood of Teamsters v. United States*, 97 S.Ct. 1843 (1977) explained:

> At the initial, "liability" stage of a pattern-or-practice suit the [plaintiff] is not required to offer evidence that each person for whom it will ultimately seek relief was a victim of the employer's discriminatory policy. Its burden is to establish a prima facie case that such a policy existed. The burden then shifts to the employer to defeat the prima facie showing of a pattern or practice by demonstrating that the [plaintiff's] proof is either inaccurate or insignificant. . . . If an employer fails to rebut the inference that arises from the [plaintiff's] prima facie case, a trial court may then conclude that a violation has occurred and determine the appropriate remedy. Without any further evidence from the [plaintiff], a court's finding of a pattern or practice justifies an award of prospective relief. Such relief might take the form of an injunctive order against continuation of the discriminatory practice . . . .

*Id*. at 1867. Only if the plaintiff also seeks "individual relief for the victims of the discriminatory practice" does the case move into the second or subsequent stages. *Id*. at 1868.

As is shown above, the type of relief the NAACP Plaintiffs seek for their members does not necessarily require an individualized showing of proof by all of the allegedly

13

affected individual members. To the extent the NAACP Plaintiffs' claims will require anecdotal evidence from some of the representative Plaintiffs, such participation does not render the NAACP Plaintiffs' associational standing inappropriate. *See Warth*, 95 S.Ct. at 2212 ("[S]o long as the nature of the claim and of the relief sought does not make the individual participation of each injured party indispensable to proper resolution of the cause, the association may be an appropriate representative of its members entitled to invoke the court's jurisdiction."). *See also Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 601-02 ("We can discern no indication in *Warth, Hunt*, or *Brock* that the Supreme Court intended to limit representational standing to cases in which it would not be necessary to take any evidence from individual members of an association."); *Employees Committed for Justice v. Eastman Kodak Co.*, 407 F.Supp.2d 423, 434-35 (W.D.N.Y. 2005) (association of employees claiming that Kodak engaged in pattern or practice of race discrimination had associational standing even though evidence from some individual members may be necessary). For these reasons, the court finds, at this stage of the litigation, that the NAACP Plaintiffs have met their burden of showing that they meet the required elements of associational standing to represent the interests of the member Plaintiffs. *See National Association for the Advancement of Colored People v. City of Kyle*, 2006 WL 1751767, at *5 (W.D. Tex. June 16, 2006) (finding the NAACP met the requirements of associational standing where the NAACP was seeking only injunctive and declaratory relief). Defendant's Motion to Dismiss the NAACP Plaintiffs is therefore **DENIED**.

### C. Disparate Impact

Finally, Defendant seeks to dismiss Plaintiffs' disparate impact claim under Rule 12(b)(6) for failure to state a claim.

A disparate impact claim differs from a discriminatory treatment claim in that a disparate impact claim does not require proof of a discriminatory motive. *Teamsters*, 97 S.Ct. at 1854 n.15. Rather, "[a] disparate impact claim exists when an employer has adopted a particular employment practice that, although neutral on its face, disproportionately and negatively impacts members of one of Title VII's protected classes." *Bennett v. Roberts*, 295 F.3d 687, 698 (7th Cir. 2002).

In alleging a disparate impact claim, "it is not enough to simply allege that there is a disparate impact on workers or point to a generalized policy that leads to such an impact." *Smith v. City of Jackson*, 125 S.Ct. 1536, 1545 (2005). Instead, the plaintiff is "responsible for isolating and identifying the specific employment practices that are allegedly responsible for any [disparate impact]." *Id*. (internal quotations and citations omitted).

In Count I of the Amended Complaint, Plaintiffs allege that "Defendant engages in practices that have a disparate impact. They have the effect of providing lower pay, fewer promotions, shorter job tenure and less desirable terms and condition of employment . . . ." (*Id*. ¶ 118). In support of their claim, Plaintiffs allege that Defendant "does not provide equal pay for equal work," (Amended Complaint ¶ 30), "does not provide equal opportunities to black and white employees" (*id*. ¶ 31), unequally applies

15

rules regarding transfer and promotion (*id*. ¶ 31), unequally nominates employees for promotion (*id*. ¶ 31), "fosters a hostile work environment" for certain employees (*id*. ¶ 32), and has a "company culture that favors conformity" (*id*. ¶ 33). These allegations fail to identify the specific neutral policy that allegedly caused the disparate impact. Moreover, these allegations suggest a disparate treatment claim – i.e., that they were treated differently than those outside of their protected class because of their race.

Paragraph 30 of Plaintiff's Amended Complaint arguably points to a disparate impact claim, and reads:

> . . . Defendant uses subjective practices in the setting of pay levels for comparable work. It sets pay subjectively through initial pay setting upon obtaining a new position and the classification of the position; through the award of pay increases known as "merit pay;" in granting in-position promotions and in ratings for employees – both performance ratings and career development plans and ratings. As a result, African-American employees are generally paid less than white employees for comparable work.

(*Id*. ¶ 30). Plaintiffs' allegations of "subjective practices," however, falls short of identifying any specific objectionable employment practice. *See Fulcher v. City of Wichita*, 445 F.Supp.2d 1271, 1276 (D.Kan. 2006) (disparate impact claim containing a "laundry list" of general policies, including defendants' reliance on subjective criteria in compensation and promotions, did not sufficiently identify specific policy or practice allegedly responsible for disparate impact). Indeed, as the further allegations in the same paragraph demonstrate, Plaintiffs are attempting to sweep a wide variety of decisions under the umbrella of "subjective practices." (Amended Complaint ¶ 30) (referring to

"initial pay setting," "classification of the position," "pay increases," "in-position promotions," "ratings," and "career development plans."). Thus, Plaintiffs' own allegations demonstrate numerous different employment practices – none of which is adequately identified – form the purported basis for an "unequal pay practices" claim.

Because Plaintiffs' fail to identify a specific neutral policy or practice that allegedly caused the disparate treatment of which they complain, Plaintiffs' disparate impact allegations do not "give the [D]efendant fair notice of what the [P]laintiffs['] claim is and the grounds upon which it rests." *Swierkiewicz*, 122 S.Ct. at 998. Accordingly, Plaintiffs' disparate impact claims must be dismissed. *See, e.g., Syverson v. IBM Corp.*, 2007 WL 2904252, at *6 (N.D. Cal. Oct. 3, 2007) (dismissal warranted where plaintiffs failed, *inter alia*, to identify a specific employment practice giving rise to disparate impact claim); *Johnson v. Dollar General Corp.*, 2007 WL 2263827, at *4 (E.D. Tenn. Aug. 2, 2007) (dismissing disparate impact claim for failure to identify a specific employment practice), *reconsidered on other grounds*, 2007 WL 2746952 (E.D. Tenn. Sept. 20, 2007); *EEOC v. Honda of Am., Mfg., Inc.*, 2007 WL 1541364, at *5 (S.D. Ohio May 23, 2007) ("[A] plaintiff must still identify, at the pleading stage, a specific factually neutral policy or practice that resulted in disparate impact."). Defendant's Motion to Dismiss the Plaintiffs' disparate impact claim is therefore **GRANTED**.

## IV.     Conclusion

For the reasons set forth above, the court **GRANTS** in part, and **DENIES** in part, the Defendant's Motion to Dismiss Certain Claims in Amended Class Action Complaint

(Docket # 51). More specifically, the court **GRANTS** the Defendant's Motion with respect to the claims of the newly added 31 Plaintiffs, and with respect to Plaintiffs' claim of disparate impact, and **DENIES** Defendant's Motion with respect to the NAACP Plaintiffs on grounds that they do have associational standing to seek declaratory and injunctive relief on behalf of the member Plaintiffs. Plaintiffs are granted leave to amend their Amended Complaint to cure these pleading defects. If Plaintiffs choose to file an amended pleading, such amended pleading is required to be filed within thirty (30) days of the date of this Entry.

**SO ORDERED** this 7th day of August 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Kyle Frederick Biesecker
BIESECKER & DUTKANYCH LLC
kfb@bdlegal.com

Andrew Dutkanych III
BIESECKER & DUTKANYCH LLC
ad@bdlegal.com

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Henry P. Gassner
ROSE & ROSE PC
hgassner@roselawyers.com

Adrienne Franco Busby
BAKER & DANIELS
afbusby@bakerd.com

Jason P. Hopper
SEVER STOREY LLP
jason@severstorey.com

David L. Rose
ROSE & ROSE PC
daver@roselawyers.com

Joshua N. Rose
ROSE & ROSE PC
josh@roselawyers.com

Yuval Rubinstein
ROSE & ROSE P.C.
yrubinstein@roselawyers.com

Robert K. Stanley
BAKER & DANIELS
rkstanle@bakerd.com

George A. Stohner
MORGAN LEWIS & BOCKIUS
gstohner@morganlewis.com

Tonny D. Storey
SEVER-STOREY LLP
tonny@severstorey.com


Copy to:

Terri N. Marcus
ROSE & ROSE, P.C.
1320 19TH ST., N.W.
Suite 601
Washington, D.C. 20036