UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CASSANDRA WELCH et al,  )  | |
|     Plaintiff,  ) | |
| ) | |
| vs.  ) | 1:06-cv-0641-RLY-JMS |
| ) | |
| ELI LILLY & COMPANY,  ) | |
|     Defendant.  ) | |

# **ENTRY ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATING TO THE DAWN JOHNSON NOOSE INCIDENT**

This matter is before the magistrate judge on Plaintiffs' Motion to Compel Discovery Relating to the Dawn Johnson Noose Incident (Dkt. # 168). The motion is fully briefed, and the parties presented additional argument at a hearing on January 14, 2009. Being duly advised, the magistrate judge **GRANTS** the motion for the reasons set forth below.

Plaintiffs seek discovery of the following from Defendant Eli Lilly and Company ("Lilly"):

> All documents relating to an incident that occurred in mid-February, 2008 where a rope resembling a hangman's noose was discovered on or near a tree on the grounds of a parking structure associated with Lilly Corporate Center. This request includes all photographs, surveillance monitoring tapes, witness statements, e-mail records, electronic data, records of custody of physical evidence, work orders relating to removal of the noose, records of internal investigations and reports to contractors, managers and executives, records of reports to law enforcement or other governmental agencies and all other documents discussing and/or memorializing the incident and your response to it.

(Dkt. # 184 Ex. M). Lilly objected to this request on the basis that it is overbroad and burdensome and seeks information not relevant to the subject matter of this action.

This matter is a proposed class action alleging an ongoing pattern or practice of racial

discrimination throughout Lilly's workforce, including in classification, pay, promotions, grooming, assignments, ratings, discipline and retaliation. The complaint also alleges the pattern of discriminatory practices includes practices that cause a disparate impact as well as multiple incidents of individual disparate treatment. Further, Plaintiffs allege incidents of racial harassment and intimidation resulting in a hostile work environment.

Plaintiffs' Second Amended Class Action Complaint also alleges that Lilly discourages investigations that uncover evidence of race discrimination or a racially hostile environment, and covers up such incidents. They further claim that by failing to investigate and punish those responsible for such incidents, Lilly allows those who have engaged in such conduct to advance to management and executive roles. (Second Am. Complt. ¶ 143-45).

The documents sought involve an incident which occurred in February 2008 when a contract security officer, Dawn Johnson, while working at the Lilly Corporate Center, observed a rope in a tree which had a hangman's noose on the end. The tree was located near a parking structure associated with Lilly where "smokers typically congregate." (Dkt. # 174, Johnson Declaration, ¶ 6).[1] She reported the incident to supervisors and requested an incident report. She claims she was not contacted by any Lilly employees regarding the incident until a month later, after a complaint was made to the Federal Bureau of Investigation by Plaintiff Cassandra

---

[1] In a footnote, Lilly objects to Johnson's Declaration, arguing that because it was not filed until eight days after Plaintiffs' motion, it is untimely. Plaintiffs explain that it took time to obtain Ms. Johnson's signature, resulting in the delayed filing. However, Plaintiffs referred to her Declaration as Exhibit 47 in their brief in support of their motion, citing a declaration that did not yet even exist, and further neglected to note that the exhibit had not yet been filed. The Declaration was clearly untimely in violation of Fed. R. Civ. P. 26(c)(2). Because Lilly sought and received an extension to file its response, with agreement from Plaintiffs, Lilly has not been prejudiced by the untimely filing. The Court overrules Lilly's objection. However, counsel for Plaintiffs is admonished to avoid such practices of a "questionable nature" in the future. (Lilly's Resp. fn 7). Lilly also objected to the Declaration as inadmissible hearsay. That objection is similarly overruled.

Welch.

Plaintiffs argue discovery regarding this incident from Lilly is relevant to their companywide hostile work environment allegations. Lilly first asserts that Plaintiffs have failed to meet and confer on this issue and on that basis relief should be denied. It further claims that this incident is not relevant to any issue in this lawsuit because it involved a non-Lilly employee outside of regular working hours in a public place.

Plaintiffs assert that they made a good faith effort to resolve this dispute, however, it was clear Lilly had no intention of producing any responsive documents. Letters between the parties reveal Lilly sought to meet and confer and requested that Plaintiffs articulate their theory of why this incident is relevant to their claims so Lilly could reconsider the issue. (Dkt. # 187 Ex. R). Plaintiffs did not do so until the filing of this motion.

Certainly the "meet and confer" process undertaken with respect to the resolution of this issue was not what the magistrate judge contemplated when she advised the parties that she "expects cooperation, communication, and meaningful meet and confers prior to any further disputes being brought before this Court." (Dkt. # 113 pg. 6)(internal quotations omitted). The Court's view on the meet and confer process has subsequently been made clear to the parties. (See Dkt. # 178).

That being said, Plaintiffs have now articulated their position as to the relevance of this incident to the case, and Lilly still opposes Plaintiffs' request. Lilly offers no compromise. The parties are clearly at an impasse, and the present motion is fully briefed and oral arguments have been made to the magistrate judge. Therefore, a decision should be made on the merits.

Rule 26 of the Federal Rules of Civil Procedure provides that discovery may be had regarding any matter not privileged that is relevant to the claim or defense of any party. For

discovery purposes, relevancy is broadly construed to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *TIG Ins. Co. V. Giffin, Winning, Cohen & Bodewes,* 2001 U.S. Dist. LEXIS 12995, 2001 WL 969037, *1 (N.D.Ill. 2001), quoting *Oppenheimer Fund, Inc. V. Sanders,* 437 U.S. 340, 351, 57 L.Ed.2d 253, 98 S.Ct. 2380 (1978). Relevant information does not need to be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Chavez v. Daimler Chrysler Corp.,* 206 F.R.D. 615, 619 (S.D.Ind. 2002).

Lilly's arguments regarding relevance are unpersuasive. Although the incident involved a contract security officer and not an employee of Lilly, Johnson observed the rope near a parking structure she patrolled as part of her duties as a security officer for Lilly, in an area frequented by Lilly employees. That the incident occurred on a weekend is irrelevant; the Court is quite certain Lilly has employees who, whether required or not, work weekends. Clearly security is provided on the weekends. Plaintiffs make no specific allegation that any Lilly employee was involved in the incident, as the perpetrator. Rather, the critical issue is Lilly's response to the incident. Plaintiffs have alleged a hostile work environment exists and that Lilly has failed to respond to, or covered up, past incidents of a hostile nature. Lilly's response to this incident, or lack thereof, is relevant to this claim. *See, e.g., Isaacs v. Hill's Pet Nutrition, Inc.,* 485 F.3d 383 (7th Cir. 2007).

Lilly makes no argument or support for its additional initial objections that the request at issue is overbroad and burdensome. That objection is therefore overruled. Furthermore, in the Court's view, the request is quite specific as to what documents Plaintiffs seek; indeed, an overly broad request would likely read "all documents related to the Dawn Johnson noose incident."

Lilly expresses concern that Plaintiffs request for documents is being made for an

improper purpose, citing two press releases issued regarding the incident. (Dkt. # 184 Ex. I & Q). Lilly asserts Plaintiffs intend to use the incident to publicize and sensationalize this suit, and such tactics should not be rewarded by the Court granting Plaintiffs' motion.

The Court has some concerns regarding the previously issued press releases, as was made evident during the hearing. However, Lilly does not allege Plaintiffs violated the protective order in place. Plaintiffs' counsel assures he and his clients take their obligations pursuant to the protective order seriously, and agrees that any documents produced will be protected pursuant to the terms of that order. (Dkt. # 213, p. 7). The Court accepts counsel's representations.

Therefore, for the reasons set forth above, Plaintiffs' motion is **GRANTED.** Lilly shall produce responsive documents to Plaintiffs no later than January 30, 2009.

**SO ORDERED.**

01/20/2009

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Adrienne Franco Busby
BAKER & DANIELS LLP
afbusby@bakerd.com

Robert Thomas Dassow
HOVDE DASSOW & DEETS LLC
rdassow@hovdelaw.com

Christine Dunn
SANFORD WITTELS & HEISLER, LLP
cdunn@nydclaw.com

Jason P. Hopper
SEVER STOREY LLP

jason@severstorey.com

Martha M. McBrayer
MORELLI RATNER, PC
mmcbrayer@morellilaw.com

Benedict P. Morelli
MORELLI RATNER, PC
bmorelli@morellilaw.com

D. Lucetta Pope
BAKER & DANIELS-SOUTH BEND
lucetta.pope@bakerd.com

David S. Ratner
MORELLI RATNER, PC
dratner@morellilaw.com

David L. Rose
ROSE & ROSE PC
daver@roselawyers.com

Joshua N. Rose
ROSE & ROSE PC
josh@roselawyers.com

Yuval Rubinstein
ROSE & ROSE P.C.
yrubinstein@roselawyers.com

David Weissbord Sanford
SANFORD WITTELS & HEISLER LLP
dsanford@nydclaw.com

Robert K. Stanley
BAKER & DANIELS
rkstanle@bakerd.com

George A. Stohner
MORGAN LEWIS & BOCKIUS
gstohner@morganlewis.com

Tonny D. Storey
SEVER-STOREY LLP
tonny@severstorey.com